IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 JAN 19  A 8: 22

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ALBERT S. KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-169 |
| | ) | |
| THE STAFF OF THE AUGUSTA | ) | |
| CHRONICLE and THE AUGUSTA | ) | |
| CHRONICLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Rogers State Prison in Reidsville, Georgia,

commenced the above-captioned case in the Statesboro Division of this Court pursuant to 42

U.S.C. § 1983.  See Kimble v. Staff of the Augusta Chronicle, 6:06cv169 (S.D. Ga. Oct. 23,

2006).  As it appeared that the proper venue was within this Division, the Honorable B.

Avant Edenfield, United States District Judge, transferred the case on November 14, 2006.

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").

Because Plaintiff's complaint was filed IFP, it must be screened to protect potential

defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  Pleadings drafted by

*pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e) & 1915A.

## I. SCREENING OF THE COMPLAINT

### A. Plaintiff Fails to State a Claim

This is the second action Plaintiff has filed alleging identical facts.  See Kimble v. Staff of the Augusta Cronicle, 1:06cv2205 (N.D. Ga. Sept. 14, 2006).  The Honorable Julie E. Carnes, United States District Judge, previously held that justice would not be served by transferring Plaintiff's prior action to this District, and dismissed the action as frivolous.  Id. at doc. no. 3.  The Court cites liberally from the Order dismissing Plaintiff's previous action.

Plaintiff alleges that the staff of The Augusta Chronicle defamed him by falsely reporting that he was on trial and eventually acquitted by a jury of aggravated assault against another inmate.  Id. at 3; (doc. no. 1, p. 5).  Plaintiff states that he was never criminally charged with such an offense.  Id.  Plaintiff seeks monetary damages in the amount of three million dollars for "1) defamation of character, 2) slandering, 3) cruel and unusual punishment, 4) mental anguish, 5) emotional damage, and 6) intense suffering."  (Doc. no. 1, pp. 5-6).

As Judge Carnes previously explained:

> In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law.  Id.  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal

conclusions that are couched as factual allegations); <u>Bolin v. Story</u>, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint nonalleged facts).

<u>Kimble</u>, 1:06cv2205 at doc. no. 3, p. 2.   Once again, Plaintiff fails to satisfy either requirement.  Defamation is a state tort which is not actionable under § 1983, and the named Defendants are not state actors amenable to suit under § 1983.  <u>Id.</u> at 4 (citing <u>Paul v. Davis</u>, 424 U.S. 693, 712-13 (1976); <u>Hale</u>, 50 F.3d at 1581).  Thus, Plaintiff fails to state a claim upon which relief may be granted.

## B. Plaintiff has Abused the Judicial Process

In addition to failing to state a claim upon which relief may be granted, Plaintiff's complaint is also subject to dismissal for abuse of the judicial process.   A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Accordingly, the court upheld the constitutionality of § 1915(g).  Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose:  1) whether they have brought other lawsuits in state or federal court dealing with the same facts involved in the present action, 2) whether they have brought other federal lawsuits while incarcerated, 3) whether they were allowed to proceed IFP in any such lawsuits, and 4) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, Compl. form, pp. 1-3).  In response, Plaintiff answered the first three questions in the negative and failed to answer the last question.  (Id. at 1-3).  Plaintiff's responses were made under penalty of perjury.  (Id. at 6).

Contrary to Plaintiff's assertion, the Court is aware of at least one federal case which Plaintiff has previously filed dealing with the same facts involved in the present action and which was ultimately dismissed as frivolous, as explained *supra*.  See Kimble, 1:06cv2205.  Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

4

The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731 (citations omitted).[2]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Thus, even if Plaintiff's complaint stated a claim upon which relief may be granted, it would be subject to a recommendation for dismissal without prejudice as a sanction for abuse of the judicial process.

---

[2]The court in <u>Parker</u> thoughtfully ruled as follows:

The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

<u>Rivera v. Parker</u>, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE